IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**WILLIAM CHRISTOPHER LINDSEY**                                    **PLAINTIFF**

V.                              CASE NO. 3:19-CV-03013

**NURSE J. WATKINS; MAJOR
WILLIAMS; SERGEANT THOMAS
DEAN; LIEUTENANT ZELLER;
SHERIFF JIM ROSS; and
CAPTAIN COLE**                                                    **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

On August 28, 2019, the Defendants filed a Motion for Summary Judgment (Doc. 81). The following day, the Court entered an Order (Doc. 84) directing Plaintiff to file a response to the Motion for Summary Judgment by September 19, 2019. Plaintiff was advised that failure to respond to the Order would subject the case to dismissal without prejudice.

Plaintiff requested and was granted an extension of time until October 10, 2019, to file his response. *See* Doc. 88. Plaintiff then filed a request for the production of documents (Doc. 89), indicating that certain documents in his possession related to this case were either lost or destroyed when he was transported from one detention facility to another. The Court granted Plaintiff's request, *see* Doc. 90, and on October 21, 2019, Defendants filed a notice (Doc. 91) stating that they had provided Plaintiff with the requested documents from the case file. Since then, however, Plaintiff has failed to file a summary judgment response or request a further extension of time.

1

On December 2, 2019, the Court entered an order to show cause (Doc. 92) directing Plaintiff to demonstrate why the case should not be dismissed due to his failure to comply with a court order and his failure to prosecute this action. The deadline to show cause was December 26, 2019. The show cause order was returned as undeliverable (Doc. 93) on December 19, 2019, with a notation that Plaintiff is no longer incarcerated at the Washington County Detention Center.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case and to prosecute or defend the action diligently.

Therefore, pursuant to Rule 41(b), this Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the order of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** on this 13th day of January, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE